## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JULIE BRATTEN,

                Plaintiff,                     Case No: 2021-

v.

                                         HON.

PROBATE SUPPORT SPECIALISTS, LLC.,
JOSEPHINE BROWN, AND DEBORAH
GAGNON.

                Jointly and severally,

                Defendants.

---

DANIELLE B. SAFRAN (P61965)
THE SIGLER LAW FIRM, PLC.
30300 Northwestern Hwy., Suite 337
Farmington Hills, MI 48334
(248) 705-6400
safranlaw1@gmail.com
*Attorney for Plaintiff*

---

### PLAINTIFF'S COMPLAINT

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the complaint.

NOW COMES Plaintiff, Julie Bratten, by and through her attorneys, The

Sigler Law Firm, PLC, and submits Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.    Plaintiff is a resident of the City of Utica, located in Macomb

County in the State of Michigan.

2.    Defendant, PROBATE SUPPORT SPECIALISTS, LLC., is a limited liability company in good standing, with their principle place of business in the City of Clinton Township, County of Macomb, State of Michigan.

3.    Defendant, JOSEPHINE BROWN, is an individual residing in the City of Shelby Township, County of Macomb, State of Michigan.

4.    Defendant, DEBORAH GAGNON, is an individual residing in the City of Shelby Township, County of Macomb, State of Michigan.

5.    Jurisdiction is proper pursuant to 42 U.S.C. §1331 for the claims that arose under federal law.

6.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391 (b)(2); Defendants are licensed in, have transacted business in, and/or employed Plaintiff in this district and the events that give rise to these claims occurred in this Judicial District.

## GENERAL ALLEGATIONS

7.   That Plaintiff was jointly employed by Defendants from approximately July 2018 until November 8, 2019 as a Caregiver in Josephine Brown's home earning approximately $13.50 per hour for hours worked during the night shift and $16.50 per hour for hours worked during the day shift.

8.   Plaintiff often worked for Defendants in excess of forty (40) hours per week and was not paid overtime compensation for such services.

9.   Defendants failed to properly compensate Plaintiff any overtime compensation for hours worked in excess of forty (40) per week; although they were aware she worked such overtime.

10. That from approximately June 2018 through April 18, 2019 Defendant Josephine Brown compensated Plaintiff directly for all hours she worked as a Caregiver for her in her home at a regular hourly rate.

11. That from approximately April 18, 2019 through July 31, 2019, Defendant Deborah Gagnon was responsible for compensating Plaintiff for all hours she worked as a Caregiver in Defendant Brown's home and paid Plaintiff for all such hours at a regular hourly rate.

12. That from approximately June 2018 through April 18, 2019, Defendants Brown and Gagnon had control over Plaintiff's work schedule, duties, determined the rate and method of payment, and controlled the terms and condition of her employment.

13. That from approximately April 18, 2019 until November 8, 2019, Defendant Probate Support Specialists, LLC., hereinafter referred to as "PSS," was responsible for compensating Plaintiff for all hours she worked as a Caregiver in Defendant Brown's home but failed to do so.

14. That from April 18, 2019 until November 8, 2019, Defendant PSS had primary control over Plaintiff's work schedule, duties, determined the rate and method of payment, and controlled the terms and condition of her employment.

15. When Plaintiff filed a complaint with the Department of Labor's Wage and Hour Division inquiring into Defendants' failure to pay overtime compensation, Defendant PSS ceased paying Plaintiff for any Caretaker services performed.

**COUNT I**
**FAILURE TO PAY OVERTIME IN VIOLATION OF THE**
**IMPROVED WORKFORCE OPPORTUNITY WAGE ACT OF 2018**
**AND THE FAIR LABOR STANDARDS ACT**

16. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs, as though fully set forth herein.

17. Defendants regularly engages in commerce and their employees handle and use goods, which "affects" commerce. 29 CFR §552.2(b)(1); MCL §408.932.

18. Plaintiff's employment with Defendants constituted a domestic service employment which is subject to the overtime compensation requirements under the FLSA. 29 CFR §552.3; §552.101.

19. Defendants were joint employers of Plaintiff. 29 CFR §791.2(1); MCL §408.932.

20. At all relevant times, Defendants were and are "employers" of the Plaintiff and are subject to the provisions of the Improved Workforce Opportunity Wage Act, Act 337 of 2018, (IWOWA) MCL §408.932(d), and FLSA §203(d).

4

21.    Plaintiff at all relevant times was an "employee" of Defendants as defined by IWOWA and FLSA. MCL §408.932(c); 29 USC §203(d).

22.    Plaintiff is a non-exempt employee of Defendants under FLSA, 29 USC 207(a), and IWOWA, MCL §408.931-945.

23.    Defendants were Plaintiff's employers for all relevant times herein for purposes of the FLSA, 29 USC 207; and IWOWA, MCL §408.931-945.

24. Plaintiff regularly worked in excess of forty (40) hours in a given workweek while being employed for Defendants.

25.    Defendants were aware that plaintiff regularly worked in excess of 40 hours per week during her employment.

26.    Defendant failed to pay Plaintiff minimum wages and/or any compensation for hours worked from August 1, 2019-September 4, 2019 and from October 3, 2019 through November 8, 2019, in violation of the Acts. MCL §408.934a; 29 USC §206.

27.    Defendants failed to pay Plaintiff at the rate of one-and-a-half times her hourly wage for hours worked in excess of forty (40) hours per week as required under the FLSA, 29 USC §207, and IWOWA, MCL §408.934a(1).

28.    Defendants willfully and intentionally refused to pay its employees compensation for hours worked in excess of forty (40) hours per week, regardless of exempt or non-exempt status.

29.     Defendants willfully and intentionally refused to pay its employees any compensation for hours worked for long periods of time.

30.     Plaintiff was paid at two rates based on the hours of the shift she worked while employed jointly by Defendants; both should have been utilized to determine Plaintiff's regular hourly wage and overtime compensation. 29 CFR §778.115

31.     Plaintiff is entitled to an award of reasonable attorney fees and costs pursuant to 29 USC §216(b) and MCL §408.93.

32.     Defendants failed to keep a statement of hours, wages or deductions and other records required and/or failed to respond to Plaintiff's request for such. FLSA §211(c); MCL §408.937.

33.     As a result of Defendants' failure to properly compensate Plaintiff for overtime hours worked, she has suffered substantial delay in her receipt of wages and bonuses owed and overtime compensation and has suffered damages. FLSA 29 USC §216; MCL §408.939; MCL 408.940.

34.     Plaintiff often worked regular on-the-clock hours in excess of the FLSA overtime thresholds as well as compensable off-the-clock hours which Defendant was aware yet such hours were unpaid to date.

35.     Defendants owe Plaintiff compensation for overtime hours worked, training and/or bonus compensation, and an additional equal amount as liquidated damages and interest with an additional sum for attorneys' fees and costs. 29 USC

§206; 29 USC §216; MCL §408.939; MCL 408.940.

36.    Plaintiff prays for a judgment of compensatory and exemplary damages which are fair and just in favor of the Plaintiff against the Defendants resulting from the willful failure to pay minimum wage and overtime, in violation of the FLSA and IWOWA, as set forth above, in the form of compensatory damages amount equal to or greater Plaintiff's lost overtime and an equal amount of liquidated damages together with costs and attorney fees and any other relief deemed appropriate by the Court.

## COUNT II
## RETALIATION IN VIOLATION OF THE
## IMPROVED WORKFORCE OPPORTUNITY WAGE ACT OF 2018
## AND FAIR LABOR STANDARDS ACT

37. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs, as though fully set forth herein.

38. Defendants retaliated against Plaintiff for filing a complaint/inquiry with the Department of Labor's Wage and Hour Division in violation of the Improved Workforce Opportunity Wage Act of 2018, (IWOWA), MCL §408.941 and  FLSA 29 U.S.C. §215(a)(3), which states: "[I]t shall be unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA] or related to this chapter, or has testified or is about to testify in any such proceeding …."

39. In July 2019, Defendant was clear that Plaintiff intended on instituting a proceeding with the Department of Labor Wage and Hour Department relative to Defendants' failure to pay overtime compensation.

40. From August 1, 2019-September 4, 2019, Defendants withheld wages; which have not been paid to date, for Caretaker services performed after Plaintiff informed Defendant Gagnon and Defendant PSS that she would not sign a waiver and "hold harmless" agreement as she had not been properly paid overtime in violation of the FLSA.

41. In late November 2019, Plaintiff informed Defendant Gagnon that Defendant PSS was guilty of "wage theft" and informed her that she would pursue a complaint with the Department of Labor Wage and Hour Department relative to such.

42. Defendants failed to pay Plaintiff any regular wages or overtime compensation for work performed from October 3, 2019 through November 8, 2019, in violation of the Acts as set forth above.

43. As a result of the foregoing reports of Plaintiff's intent to file a Complaint against Defendants pursuant to the FLSA, Defendants retaliated against and constructively discharged Plaintiff, by willfully refusing to compensate her at all for any hours worked from August 1, 2019 through September 4, 2019 and from October 3, 2019 through November 8, 2019.

44. Plaintiff was engaged in protected activity at the time of her termination, namely, Plaintiff inquired into FLSA violations related to failure to compensate her for regular wages for hours worked and for failure to pay overtime for over forty (40) hours per week, with the Department of Labor and Defendant was informed of Plaintiff's intent. MCL §408.941; 29 U.S.C. §215(a)(3).

45. The Department of Labor investigated Plaintiff's Complaint of FLSA violations and contacted PSS as part of such investigation.

46. Plaintiff availed herself of a protected right for filing a complaint/inquiry with the Department of Labor's Wage and Hour Division against Defendant PSS in violation of the FLSA.

47. Defendant PSS was contacted relative to Plaintiff's Complaint and was thus aware that such complaint had been filed by the Plaintiff.

48. Defendants took adverse action against Plaintiff for engaging in protected concerted activity.

49. Plaintiff was adversely affected by Defendants' employment decision to terminate her employment following her protected activity and/or following her reporting her intent to engage in such protected activity.

50. Plaintiff was constructively discharged from her employment with Defendants as she received no compensation for any hours worked as a Caregiver from August 1, 2019-September 4, 2019 or from October 3, 2019-November 8,

2019; Plaintiff ceased providing such services as of November 8, 2019 due to Defendants' non-payment of wages.

51. There was a "close temporal proximity" between the Plaintiff's constructive discharge and her report of intent to pursue a complaint with Wage and Hour to Defendants, thus evidencing a causal connection between Plaintiff's intent, her Wage and Hour complaint and Defendants' refusal to compensate her for her services. 29 U.S.C. §215.

52. Plaintiff was wrongfully terminated and retaliated against for intending to file and/or filing an overtime complaint with Wage and Hour in violation of IWOWA, MCL §408.941, and the FLSA, 29 U.S.C. §215(a)(3); 29 U.S.C. §216.

53. Plaintiff had an unblemished record and steady work performance; yet she was constructively discharged by Defendants.

54. Employees who had not reported their intent to file and/or who had not filed complaints with Wage and Hour against Defendants relative to FLSA violations were not constructively discharged from their employment by Defendants and they were properly compensated at regular hourly wages.

55. As a direct and proximate result of said acts of Defendants, by and through its agents and employees, Plaintiff has suffered and will continue to suffer loss of past and future earning capacity, loss of dignity, enjoyment of life, extreme mental and emotional distress, severe nervousness, mental anguish, embarrassment and

humiliation.

56. Plaintiff prays for a judgment of compensatory and exemplary damages which are fair and just in favor of the against the Defendants resulting from its retaliation, including retaliatory constructive discharge and other actions, in violation of the FLSA and IWOWA, as set forth above, along with an award of liquidated damages, costs and attorney fees so wrongfully incurred and any other equitable relief as may be deemed appropriate by this Court.

WHEREFORE Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants in whatever sum to which she is deemed to be entitled, together with costs, interest, and attorney fees.

Respectfully Submitted,

Dated: July 21, 2021           */s/ Danielle Safran*
                              Danielle Safran
                              Attorney for Plaintiff
                              30300 Northwestern Hwy., Suite 337
                              Farmington Hills, MI 48334
                              Safranlaw1@gmail.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JULIE BRATTEN,

                    Plaintiff,

v.

PROBATE SUPPORT SPECIALISTS, LLC.,
JOSEPHINE BROWN, AND DEBORAH
GAGNON.

                  Jointly and severally,

                  Defendants.

Case No: 2021-

HON.

---

DANIELLE B. SAFRAN (P61965)
THE SIGLER LAW FIRM, PLC.
30300 Northwestern Hwy., Suite 337
Farmington Hills, MI 48334
(248) 705-6400
safranlaw1@gmail.com
*Attorney for Plaintiff*

---

## PLAINTIFF'S DEMAND FOR JURY

NOW COMES Plaintiff, Julie Bratten, by and through her attorneys, The Sigler Law Firm, PLC and hereby demand a trial by jury of the within cause.

                  Respectfully Submitted,


                  */s/ Danielle Safran*
                  Danielle Safran
                  Attorney for Plaintiff
                  The Sigler Law Firm, PLC.
                  30300 Northwestern Hwy., Suite 337
                  Farmington Hills, MI 48334

Dated: July 21, 2021              Safranlaw1@gmail.com